DANIEL R. FOSTER (State Bar No. 179753)
dfoster@mwe.com
LYNNE M.J. BOISINEAU (State Bar No. 216090)
lboisineau@mwe.com
McDERMOTT WILL & EMERY LLP
4 Park Plaza
Suite 1700
Irvine, CA  92614
Telephone:   949.851.0633
Facsimile:    949.851.9348

Attorneys for Plaintiffs
WOBBLEWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOBBLEWORKS, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>     v.<br><br>GENERAL WIRELESS OPERATIONS, INC., a Delaware corporation dba RadioShack,<br><br>                    Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1) COPYRIGHT INFRINGEMENT (17 U.S.C. §§101 *ET SEQ.*)**<br><br>**2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))**<br><br>**3) CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200, *ET SEQ.*)**<br><br>**4) COMMON LAW PASSING OFF AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff WobbleWorks, Inc. ("WobbleWorks" or "Plaintiff"), by its attorneys, McDermott Will & Emery LLP, brings this action against Defendant General Wireless Operations, Inc., dba RadioShack ("RadioShack"), and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Defendant's infringement of Plaintiff's rights in its original three-dimensional sculpture works. As alleged below, Defendant has, without Plaintiff's consent, unlawfully used exact copies of Plaintiff's works in its online and print advertisements for its RadioShack "Black Friday" sales, and has unlawfully displayed and distributed materials bearing Plaintiff's copyrighted works in connection with a product that does not originate from Plaintiff. As a result, Defendant is liable for copyright infringement and for unfair competition. WobbleWorks seeks injunctive and monetary relief for acts of copyright infringement and unfair competition under the laws of the United States, Title 17, United States Code; Title 15, United States Code; and, under the laws of the State of California.

## JURISDICTION AND VENUE

2. This action arises under Title 17 of the United States Code, §§101, *et seq.*; under Title 15 United States Code §1125(a); under the California Business & Professional Code §§17200, *et seq.*; and, under the common law of the State of California.

3. Jurisdiction is conferred on the Court by 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a) (any act of Congress relating to copyrights), and 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the copyright laws).

COMPLAINT - 2 -

4. This Court has jurisdiction over the supplemental claims arising under state law pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1367(a).

5. Venue is proper within this judicial district under 28 U.S.C. §1391(b) and (c). The Court has personal jurisdiction over Defendant and venue is proper in this district because, *inter alia,* upon information and belief, a substantial part of the wrongful acts committed by Defendant occurred in interstate commerce, in the State of California, and the Central District of California.

## THE PARTIES

6. Plaintiff WobbleWorks, Inc. is a corporation existing and organized under the laws of Delaware.

7. Defendant General Wireless Operations, Inc. is a corporation organized and existing under the laws of Delaware, and doing business as RadioShack.

8. Upon information and belief, at all times relevant hereto, RadioShack continuously and systematically displayed and distributed its advertisements and solicited business throughout California via its website RadioShack.com and direct mailings into California. At all times relevant hereto, RadioShack has purposely availed itself of the privilege of conducting activities in California through the advertisement and sale of products throughout the state.

9. Upon information and belief, Defendant is also directly soliciting sales throughout the United States, including California, via RadioShack.com, as well as online and mobile advertisements.

## BACKGROUND FACTS AND DEFENDANT'S INFRINGING CONDUCT

10. Plaintiff is the creator of the 3DOODLER®, the world's first three-dimensional printing pen. The 3DOODLER® printing pen allows users to draw and create shapes, sculptures, and other three-dimensional objects by extruding heated plastic filaments that cool almost instantly into a solid, stable structure.

COMPLAINT - 3 -

11. In order to demonstrate the use of the 3DOODLER® printing pen, and as part of its extensive marketing activities, Plaintiff has created several original three-dimensional sculptures with the 3DOODLER® printing pen, and those sculptures appear on Plaintiff's Kickstarter fundraising pages, its website, the 3DOODLER® product packaging, product inserts, the websites of authorized resellers of the 3DOODLER® products, and other marketing materials.

12. Plaintiff owns pending copyright applications for six of its three-dimensional sculptures created with the 3DOODLER® printing pen.

13. On November 16, 2015, Plaintiff filed six copyright applications with the U.S. Copyright Office for works titled 3DOODLER MULTI-COLOR EIFFEL TOWER (U.S. Copyright Office Case No. 1-2883521871); 3DOODLER BLUE EIFFEL TOWER (U.S. Copyright Office Case No. 1-2883430638); 3DOODLER PINK BICYCLE (U.S. Copyright Office Case No. 1-2883521832); 3DOODLER BLUE BICYCLE (U.S. Copyright Office Case No. 1-2883430713); 3DOODLER RED DOG (U.S. Copyright Office Case No. 1-2883385158); and, 3DOODLER OSTRICH (U.S. Copyright Office Case No. 1-2883385313). Images of Plaintiff's sculptural works are provided herewith as Exhibit A.

14. Upon information and belief, Defendant gained access to Plaintiff's copyrighted works via Plaintiff's Kickstarter fundraising pages, its website at www.the3Doodler.com, the websites of authorized resellers of the 3DOODLER® products, as well as through sample product displays that Plaintiff sent to Defendant on June 15, 2015, during discussions between the parties with regard to Plaintiff's 3DOODLER® products potentially being sold at RadioShack stores. Images of Plaintiff's point-of-sale display samples, which bear the 3DOODLER MULTI-COLOR EIFFEL TOWER and the 3DOODLER PINK BICYCLE that were sent to Defendant on June 15, 2015, are provided herewith as Exhibit B.

15. Upon information and belief, and as noted above, Defendant also gained access to Plaintiff's copyrighted works via Plaintiff's online Kickstarter pages, and

COMPLAINT                        - 4 -

its website at www.the3Doodler.com, as well as the websites of authorized resellers and competitors of Defendant, such as Maker Shed, the MOMA Store, Hammacher Schlemmer, Brookstone, ThinkGeek.com, and Amazon.com. Images of Plaintiff's copyrighted works as they appear on Plaintiff's website, and on the websites of the third-party retailers mentioned above are provided herewith as Exhibit C.

16.  Upon information and belief, Defendant used identical copies of Plaintiff's 3DOODLER MULTI-COLOR EIFFEL TOWER and 3DOODLER PINK BICYCLE sculptures in its print and digital "Black Friday" sale advertisements and circulars in order to advertise a three-dimensional printing pen that is manufactured by a third-party, which does not originate from Plaintiff, and which directly competes with Plaintiff's 3DOODLER® printing pen. Samples of Defendant's "Black Friday" advertisements are provided herewith as Exhibit D.

17.  Upon information and belief, the three-dimensional printing pen displayed in the RadioShack "Black Friday" advertisements is the 3DFormer, which is manufactured by Dim3printing LLC, a competitor of Plaintiff's. Screenshots from Dim3printing's website showing its 3DFormer three-dimensional printing pen, which upon information and belief is displayed in Defendant's "Black Friday" advertisements alongside Plaintiff's copyrighted 3DOODLER MULTI-COLOR EIFFEL TOWER and 3DOODLER PINK BICYCLE sculptures, are provided herewith as Exhibit E.

18.  Upon information and belief, Plaintiff's copyrighted 3DOODLER MULTI-COLOR EIFFEL TOWER and 3DOODLER PINK BICYCLE sculptures have been used by Defendant alongside a third-party's three-dimensional printing pen in order to show the function and capabilities of the pen, which cannot be communicated visually by depicting an image of the pen alone. Accordingly, upon information and belief, Defendant used Plaintiff's copyrighted works in its advertisements for a third-party three-dimensional printing pen in order to attract consumer interest to

COMPLAINT                           - 5 -

1 RadioShack and to increase RadioShack's sales of the third-party three-dimensional
2 printing pen, which directly competes with Plaintiff's 3DOODLER® printing pen.

**COUNT I: COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *ET SEQ.*)**

19. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 18.

20. Plaintiff is the owner of all intellectual property rights in and to the 3DOODLER MULTI-COLOR EIFFEL TOWER and the 3DOODLER PINK BICYCLE, which are wholly original, and are copyrightable subject matter under the laws of the United States.

21. Plaintiff is the holder of the copyrights to the 3DOODLER MULTI-COLOR EIFFEL TOWER and the 3DOODLER PINK BICYCLE, which are the subject of U.S. Copyright Office Application Case No. 1-2883521871 and U.S. Copyright Office Case No. 1-2883521832, respectively.

22. Plaintiff has complied in all respects with the applicable provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.,* and all other laws concerning federal copyrights.

23. Upon information and belief, by reason of Plaintiff's display of its copyrighted works on its Kickstarter fundraising pages, its website at www.the3Doodler.com, the websites of authorized resellers of the 3DOODLER® products, its related marketing materials, and/or the sample point-of-sale displays provided by Plaintiff to Defendant on June 15, 2015, Defendant had access to Plaintiff's original 3DOODLER MULTI-COLOR EIFFEL TOWER and the 3DOODLER PINK BICYCLE sculptures.

24. Upon information and belief, Defendant's "Black Friday" advertisements in print and digital form bear images of Plaintiff's copyrighted works, namely, identical reproductions of the 3DOODLER MULTI-COLOR EIFFEL TOWER and the 3DOODLER PINK BICYCLE sculptures.

COMPLAINT - 6 -

25. Defendant infringed Plaintiff's copyrights in the 3DOODLER MULTI-COLOR EIFFEL TOWER and the 3DOODLER PINK BICYCLE by copying, reproducing, distributing, and displaying the works, without the consent of Plaintiff, in its "Black Friday" advertisements to promote and increase RadioShack's sales of a third-party's three-dimensional printing pen.

26. Defendant unlawfully and willfully copied Plaintiff's copyrighted work in violation of Plaintiff's copyrights.

27. Defendant violated Plaintiff's exclusive rights under 17 U.S.C. §106. Defendant's past and continuing copying, marketing, and distribution of Defendant's "Black Friday" advertisements to the general public constitute willful and deliberate infringement of Plaintiff's copyrights and is causing irreparable harm and damage to Plaintiff.

28. Defendant's unlawful and willful infringement of Plaintiff's copyrights has caused damages.

29. Defendant's acts have caused and will continue to cause substantial irreparable harm to Plaintiff, unless further infringement by Defendant is enjoined. Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

30. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 18.

31. Upon information and belief, Defendant's "Black Friday" advertisements in print and digital form bear images of Plaintiff's copyrighted works, namely, identical reproductions of the 3DOODLER MULTI-COLOR EIFFEL TOWER and the 3DOODLER PINK BICYCLE sculptures.

COMPLAINT                                  - 7 -

32. The acts of Defendant complained of herein constitute unfair competition which is likely to cause confusion, mistake or deception as to origin, sponsorship or approval with regard to Defendant, as well as the third-party three-dimensional printing pen, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33. As a result of the activities complained of herein, Defendant has caused Plaintiff irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of Plaintiff's rights.

34. Plaintiff has no adequate remedy at law.

### COUNT III: CALIFORNIA UNFAIR COMPETITION (California Business & Professions Code § 17200 *et seq.*)

35. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 18.

36. The various acts of the Defendant as alleged herein constitute unfair, fraudulent, misleading and unlawful business practices within the meaning of California Business and Professions Code § 17200, *et seq*.

37. These acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a) and the Copyright Act, 17 U.S.C. § 101, *et seq.*, and therefore constitute an unlawful business practice within the meaning of Business and Professions Code § 17200.

38. Defendant's conduct, as alleged above, was malicious, fraudulent, deliberate, willful, intentional or oppressive.

39. As a direct and proximate result of Defendant's wrongful and willful conduct, Defendant caused Plaintiff irreparable harm and injury.

40. Injury to Plaintiff is continuing and will continue unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

41. Plaintiff is entitled to an injunction enjoining and restraining Defendant from the acts of unfair competition set forth above.

42. Defendant should be compelled to account to Plaintiff for any profits Defendant made by reason of the acts described above and to disgorge such profits to the benefit of Plaintiff.

### COUNT IV: COMMON LAW PASSING OFF AND UNFAIR COMPETITION

43. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 18.

44. Defendant, by its acts alleged herein has willfully and intentionally committed acts of unfair competition within the State of California in violation of the common law of the State of California and have been unjustly enriched thereby.

45. Defendant has committed unfair competition by utilizing Plaintiff's copyrighted works without Plaintiff's authorization.

46. The acts described above were and are likely to mislead the general public, cause confusion, mistake or deception as to origin, source or sponsorship of Defendant's products and are likely to cause the public to believe Plaintiff endorses Defendant's products.

47. Injury to Plaintiff is ongoing and will continue unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

48. Plaintiff is entitled to an injunction enjoining and restraining Defendant from the acts of unfair competition set forth above.

49. Defendant should be compelled to account to Plaintiff for any profits Defendant made by reason of the acts described above and to disgorge such profits to the benefit of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant and against any of its affiliates, agents, servants, employees, partners and all persons in active concert or participation with it, for the following relief:

COMPLAINT - 9 -

1. Permanent injunctive relief enjoining Defendant, its employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those acting directly or indirectly in concert or participation with any of them from:

    (a)    reproducing, displaying, distributing or selling any products bearing Plaintiff's copyrighted works;

    (b)    further infringing Plaintiff's copyrighted works or otherwise damaging Plaintiff's goodwill and business reputation; and

    (c)    otherwise competing unfairly with Plaintiff in any manner.

2. That the Court order that all of Defendant's "Black Friday" advertisements. or related materials displaying Plaintiff's copyrighted works, be recalled, delivered to Plaintiffs, and destroyed.

3. That Plaintiff be granted an equitable accounting from Defendant for any and all sales and/or profits derived by Defendant from said actions, infringement, unjust enrichment, and Defendant's other unlawful acts.

4. Awarding to Plaintiff statutory damages, actual damages, and an accounting of Defendant's profits.

5. Prejudgment and post judgment interest.

6. That, because this is an exceptional case and to the extent applicable, Plaintiff be awarded its reasonable attorneys' fees, expenses and costs in this action.

7. That Defendant notify each and every customer that received the "Black Friday" advertisement or purchased the third-party three-dimensional printing pen displayed in the "Black Friday" advertisement, that the sculptures shown in connection with the third-party printing pen are works owned by WobbleWorks, and were not created with the third-party printing pen.

8. Other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

COMPLAINT        - 10 -

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated: November 24, 2015

Daniel R. Foster
Lynne M.J. Boisineau
McDERMOTT WILL & EMERY LLP

By: /s/ *Daniel R. Foster*
DANIEL R. FOSTER

Attorneys for Plaintiff
WOBBLEWORKS, INC.

DM_US 67898581-2.092749.0231

COMPLAINT - 11 -